# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Southern Division

| | |
|---|---|
| HIWET TEMELSO, | * |
| Plaintiff, | * |
| v. | * Civil No. TMD 17-557 |
| NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>Social Security Administration, | * |
| Defendant.[1] | * |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND**

Plaintiff Hiwet Temelso seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 15).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's

---

[1] The positions of Commissioner of Social Security and Deputy Commissioner of Social Security are vacant. Nancy A. Berryhill is performing the delegable duties and functions of the Commissioner of Social Security. Brief for Respondent at 1 n.1, *Culbertson v. Berryhill*, No. 17-773 (U.S. filed Apr. 5, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**.

# I

## Background

Born in 1972, Plaintiff has a high-school education and previously worked as a machine operator, first-aid assistant for a nursing home, and cashier. R. at 487. Plaintiff protectively filed applications for DIB and for SSI on May 10, 2012, alleging disability beginning on September 24, 2010, due to her back. R. at 168-81, 191, 195. The Commissioner denied Plaintiff's applications initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 51-103, 105-13. ALJ Eugene Bond held a hearing on March 20, 2014 (R. at 33-50), and issued an unfavorable decision on May 7, 2014 (R. at 13-32). On June 30, 2015, the Appeals Council denied Plaintiff's request for review. R. at 1-4, 12. Plaintiff sought judicial review in this Court. *Temelso v. Colvin*, Civil No. 15-2591-SAG (D. Md. filed Sept. 2, 2015). Upon the Commissioner's consent, the Court remanded the case on April 12, 2016. R. at 560-63. The Appeals Council vacated the ALJ's decision and remanded the case on April 22, 2016. R. at 564-69.

On September 15, 2016, ALJ Bond held a supplemental hearing in Washington, D.C., at which Plaintiff and a vocational expert ("VE") testified. R. at 495-518. On November 2, 2016, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date of disability of September 24, 2010, through the date of the decision. R. at 470-94. The Appeals Council apparently did not assume jurisdiction, so the ALJ's decision became the final decision of the Commissioner after remand under 20 C.F.R. §§ 404.984 and 416.1484.

On February 25, 2017, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. After the parties consented, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## Summary of Evidence

A.  **State Agency Medical Consultants**

On August 20, 2012, a state agency medical consultant, Ann L. Williams, M.D., assessed Plaintiff's physical residual functional capacity ("RFC"). R. at 56-58, 66-68. Dr. Williams opined that Plaintiff could (1) lift and/or carry twenty pounds occasionally and ten pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling. R. at 56-57, 66-67. Dr. Williams also opined that Plaintiff "[m]ust periodically alternate sitting and standing to relieve pain and discomfort." R. at 56, 66. Plaintiff occasionally could balance, stoop, kneel, crouch, crawl, and climb ramps and stairs (but never ladders, ropes, or scaffolds). R. at 57, 67. Plaintiff had no manipulative, visual, communicative, or environmental limitations. R. at 57, 67.

On October 2, 2012, another state agency consultant, Earl Nicholas, M.D., again assessed Plaintiff's physical RFC. R. at 78-80, 89-91. Dr. Nicholas also opined that Plaintiff could (1) lift and/or carry twenty pounds occasionally and ten pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling. R. at 79, 90. Dr. Nicholas also

3

opined that Plaintiff "[m]ust periodically alternate sitting and standing to relieve pain and discomfort." R. at 79, 90. Plaintiff occasionally could balance, stoop, kneel, crouch, crawl, and climb ramps and stairs (but never ladders, ropes, or scaffolds). R. at 79, 90. Like Dr. Williams, Dr. Nicholas opined that Plaintiff had no manipulative, visual, communicative, or environmental limitations. R. at 80, 91.

**B.      Hearing Testimony**

In his decision, the ALJ stated that Plaintiff "alleges her impairments have caused her to have decreased physical limitations, which have allegedly resulted in her inability to engage in work-related activities." R. at 478. Further, the VE testified that a hypothetical individual with Plaintiff's same age, education, and work experience and with the RFC outlined below in Part III could not perform Plaintiff's past relevant work but could perform the unskilled, light[3] jobs of router, office helper, or ticket taker. R. at 515-17. With the exception of her testimony regarding a sit-stand option, the VE's testimony was consistent with the *Dictionary of Occupational Titles*.[4] R. at 516-17.

---

[3] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a), 416.968(a). "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *Id.* §§ 404.1567(b), 416.967(b).

[4] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

# III

## Summary of ALJ's Decision

On November 2, 2016, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity from the alleged onset date of disability of September 24, 2010; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform her past relevant work; but (5) could perform other work in the national economy, such as a router, office helper, or ticket taker. R. at 476-88. The ALJ thus found that she was not disabled from September 24, 2010, through the date of the decision. R. at 488.

> In so finding, the ALJ found that Plaintiff had the RFC
>
> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) that is unskilled except she requires a sit/stand option with the ability to sit/stand alternatively provided she is not off task more than 10% of the work period; has physical functions of reaching, handling, feeling, pushing/pulling with her right-hand frequently; she has non-dominant hand requirements of reaching, handling, feeling, pushing/pulling frequently; she has dominant-hand requirements of reaching overhead and in all other directions, handling, fingering, and feeling frequently and non-dominant hand requirements of reaching, handling, fingering/feeling frequently; can operate foot/leg operations bilaterally frequently; and she has the ability to interact with supervisors frequently, coworkers frequently; and the general public occasionally.

R. at 477-78.

The ALJ also considered Plaintiff's credibility and found that her "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these

symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. at 484-85. The ALJ found that Plaintiff

> has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. She testified she cooks, cleans, and performs her activities of daily living independently. Moreover, [Plaintiff] is apparently able to care for young children at home, which can be quite demanding both physically and emotionally, without any particular assistance and she has reported her daughter is disabled and has seizures, requiring constant supervision. [Plaintiff] has reported she is her daughter's primary caretaker and a single mother. The level or [sic] degree that [Plaintiff] was able to perform these activities contradicts [her] allegation of disabling limitations.
>
> . . . .
>
> There is evidence that [Plaintiff] has not been entirely compliant in taking prescribed medications, which suggests that the symptoms may not have been as limiting as [Plaintiff] has alleged in connection with this application. She has reported she has not taken her medication as prescribed because it makes her drowsy and because she is the only caretaker of her disabled daughter who requires constant supervision.
>
> Additionally, the record reveals that [Plaintiff] failed to follow-up on recommendations made by the treating doctor, such as obtaining imaging studies, taking medications as prescribed, or undergoing a series of injections or branch block tests, which suggests that the symptoms may not have been as serious as has been alleged in connection with this application and appeal.

R. at 485.

The ALJ gave "significant" weight to the opinions of Drs. Williams and Nicholas because they were "consistent with a longitudinal review of the evidence of record; however, new evidence has been admitted since [Drs. Williams and Nicholas] provided this opinion and supports a finding [Plaintiff] is slightly more limited. These additional limitations are reflected in the" ALJ's RFC assessment. R. at 486.

6

# IV

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[5]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a

---

[5] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

If an ALJ finds that a claimant, who has medical evidence of drug addiction or alcoholism, is disabled, the ALJ must then determine whether the addiction or alcoholism is a contributing material factor to the determination of disability. *Id.* §§ 404.1535(a), 416.935(a). The key factor is whether the ALJ still would find the claimant disabled if the drug or alcohol use stopped. *Id.* §§ 404.1535(b)(1), 416.935(b)(1). To make this determination, the ALJ evaluates which of the claimant's current physical and mental limitations would remain if the

claimant stopped using drugs or alcohol and then determines whether any or all of the remaining limitations would be disabling. *Id.* §§ 404.1535(b)(2), 416.935(b)(2). If the ALJ determines that the remaining limitations would not be disabling, then the ALJ will find that the drug addiction or alcoholism is a material contributing factor, and a determination of disability is prohibited. *Id.* §§ 404.1535(b)(2)(i), 416.935(b)(2)(i). The burden to prove that substance abuse is not a contributing factor material to his disability lies with the claimant. *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999).

V

**Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or

substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### Discussion

Plaintiff contends that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[6] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 4-9, ECF No. 14-1. She maintains that the ALJ failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work. *Id.* at 6. In particular, Plaintiff contends that the ALJ "failed to set forth a narrative discussion setting forth how the evidence supported each conclusion, citing specific medical facts and nonmedical evidence," and that the ALJ failed to provide any explanation to support the limitations assessed in the RFC assessment. *Id.* at 6, 8. Plaintiff also argues that, although the ALJ found her headaches to be a severe impairment, he did not address the frequency and duration of her headaches in the RFC assessment. *Id.* at 8-9. Plaintiff further asserts that the ALJ erroneously evaluated her subjective complaints. *Id.* at 9-11. For the reasons discussed below, the Court remands this case for further proceedings.

---

[6] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

> SSR 96-8p explains how adjudicators should assess RFC and instructs that the RFC
> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Plaintiff contends that remand is warranted because the ALJ "provided no explanation for his conclusion that [she] would not be off task greater than ten percent of the work day." Pl.'s Mem. Supp. Mot. Summ. J. 7, ECF No. 14-1. The ALJ's assessment of Plaintiff's RFC provided for, among other things, "a sit/stand option with the ability to sit/stand alternatively provided she is not off task more than 10% of the work period." R. at 477. Contrary to Plaintiff's assertion, the ALJ did not find that Plaintiff would not be off task more than 10% of the work day. Rather, as Defendant points out, "the 10 percent limitation is not an additional finding as Plaintiff alleges, but is part of the definition for the ALJ's sit/stand option." *Brown v. Colvin*, No. 5:13-2499-JMC-KDW, 2014 WL 8427769, at *13 (D.S.C. Nov. 14, 2014), *report and recommendation adopted*, No. 5:13-CV-02499-JMC, 2015 WL 1520345 (D.S.C. Mar. 31, 2015).

Remand is appropriate, however, because the ALJ did not build an accurate and logical bridge from the evidence to his conclusion regarding Plaintiff's social functioning and manipulative limitations that he included in the RFC assessment. Defendant concedes that the ALJ did not explain Plaintiff's limitations in social functioning but argues that, absent prejudice, the ALJ's error is harmless. Def.'s Mem. Supp. Mot. Summ. J. 7-8, ECF No. 15-1 (citing, *inter alia*, *Shinseki v. Sanders*, 556 U.S. 396, 409-10, 129 S. Ct. 1696, 1705-06 (2009)). She argues that no prejudice occurs "when the RFC includes and the VE considers whether there is work for an individual with more limitations." *Id.* at 8 (citing *Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 101 (4th Cir. 2015) (per curiam)); *see Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995) (finding harmless an ALJ's "overinclusion" of limiting factors in hypothetical posed to VE because it benefitted claimant). The Fourth Circuit, however, has "held that '[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific

application of the pertinent legal requirements to the record evidence.'" *Monroe*, 826 F.3d at 189 (alteration in original) (quoting *Radford*, 734 F.3d at 295). The ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). The Court thus remands this case in light of the ALJ's failure to explain the basis for Plaintiff's limitations in social functioning in the RFC assessment.

The ALJ also did not build a logical bridge from the evidence to the RFC assessment regarding Plaintiff's manipulative limitations (R. at 477-78). The ALJ gave "significant" weight to the opinions of the state agency medical consultants, who opined that Plaintiff had, among other things, no manipulative limitations, because these opinions were "consistent with a longitudinal review of the evidence of record." R. at 486. The ALJ nonetheless found that "new evidence has been admitted since [the consultants] provided this opinion and supports a finding [Plaintiff] is slightly more limited." R. at 486. "Without having more 'specific reasons' for the weight given by the ALJ to these medical opinions, the Court's only option is to review the record in search of evidence that supports the ALJ's decision." *Reynolds v. Berryhill*, No. 1:16CV29, 2017 WL 1128602, at *5 (N.D.W. Va. Mar. 24, 2017). "This task, however, exceeds the scope of the Court's appellate review and is committed to the Commissioner." *Id.* (citing *Jackson v. Colvin*, No. 3:14-cv-24834, 2015 WL 5786802, at *2 (S.D.W. Va. Sept. 30, 2015)). "The ALJ may have summarized and discussed the medical evidence and activities of daily living elsewhere in his decision . . . , but he failed to 'build an accurate and logical bridge from the evidence to his conclusion[s]' regarding the medical opinions" and Plaintiff's manipulative

limitations. *Id.* (alteration in original) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). Further, the Court "must . . . affirm the ALJ's decision only upon the reasons he gave." *Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988). In short, because the Court is "left to guess about how the ALJ arrived at his conclusions on [Plaintiff's] ability to perform relevant functions and indeed, remain[s] uncertain as to what the ALJ intended, remand is necessary." *Mascio*, 780 F.3d at 637; *see Lagunas v. Berryhill*, No. 5:17-CV-00046-MR, 2018 WL 1410846, at *5 (W.D.N.C. Mar. 21, 2018) (remanding because of ALJ's failure to explain basis for limiting claimant's RFC to occasional contact with supervisors, co-workers, and public).

Because the Court remands this case for these reasons, it does not address Plaintiff's remaining arguments. *See Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003). In any event, the Court points out that, when considering a claimant's credibility, "[a]n ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them." *Woods*, 888 F.3d at 694 (citing *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 263 (4th Cir. 2017)). In this regard, disability claimants "should not be penalized for attempting to lead normal lives in the face of their limitations." *Lewis*, 858 F.3d at 868 n.3 (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)). *But see Johnson*, 434 F.3d at 658 ("The ALJ also found [the claimant's] complaints of pain to be inconsistent with her testimony of her routine activities. [The claimant] testified that she attends church twice a week, reads books, watches television, cleans the house, washes clothes, visits relatives, feeds the family pets, cooks, manages her household finances, and performs the stretches recommended by her chiropractor. [The claimant] also testified that she can lift approximately ten pounds. The ALJ logically reasoned that the ability to engage in such activities is inconsistent with [the claimant's] statements of excruciating pain and her inability to perform such regular movements

like bending, sitting, walking, grasping, or maintaining attention."); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam) (upholding a finding of no disability where claimant managed his household, grocery shopped, cooked, washed dishes, and walked to town every day). On remand, the ALJ also should explain, in light of the above, how Plaintiff's activities show that she can persist through an eight-hour workday. *See Brown*, 873 F.3d at 263.

## VII

### Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 15) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: June 22, 2018                                    /s/
                                                       Thomas M. DiGirolamo
                                                       United States Magistrate Judge